UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HENRY BOYD,

                              Plaintiff,

-against-

DR. WILLIAM ROMAN,

                              Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-3117 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Henry Boyd, currently incarcerated on Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983. (See Compl. (Dkt. 2).) The action was originally filed on April 21, 2014, in the United States District Court for the Southern District of New York and was transferred to this Court by order dated May 9, 2014. (Transfer Order (Dkt. 4).) Plaintiff seeks in forma pauperis status (Dkt. 2) and $9 million in damages.

**I.    THE PRISON LITIGATION REFORM ACT'S "THREE STRIKES" PROVISION**

Pursuant to the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, Plaintiff has filed at least three in forma pauperis actions which have been dismissed as frivolous or malicious or for failure to state a claim. See Boyd v. New York City, No. 01-CV-6342 (DGT), slip op. (E.D.N.Y. Oct. 26, 2001) (barring Plaintiff from filing any further in forma pauperis actions in this court pursuant to 28 U.S.C.

§ 1915(g)); Boyd v. New York City, Nos. 01-CV-5677, 01-CV-5676, 01-CV-5655 and 01-CV-5069 (DGT), slip op. (E.D.N.Y. Sept. 19, 2001); Boyd v. Dep't of Corr. Servs., Nos. 01-CV-4316, 01-CV-4257 (DGT), slip op. (E.D.N.Y. July 11, 2001); Boyd v. New York City, No. 01-CV-4257 (DGT), slip op. (E.D.N.Y. July 11, 2001).

Therefore, Plaintiff is barred under the "three-strikes" provision of the in forma pauperis statute, unless he can show that he is under imminent danger of serious physical injury. 28 U.S.C. §1915(g); see, e.g., Boyd v. New York City, No. 01-MC-0200 (DGT), slip op. (E.D.N.Y. Oct. 19, 2001). Here, Plaintiff alleges that Defendant Dr. William Roman prescribed lithium to him, which Plaintiff learned had once caused a fatal reaction in a person taking the drug. (Compl. at 3, ¶ II (D).) Plaintiff therefore stopped taking the medication. (Id.) Plaintiff further alleges that he was moved to another unit and a different doctor was assigned to him.[1] (Id.) However, Plaintiff does not allege that he was forced to continue taking the medication and suffered some harm as a result. Therefore Plaintiff's claim against Defendant is insufficient to show that he was in "imminent danger of serious physical injury" at the time he filed the Complaint. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("the language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the

---

[1] On May 16, 2014, Plaintiff filed a separate civil rights action against Dr. Cross. See Boyd v. Cross, No. 14-CV-3154 (NGG).

complaint is filed."); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)).

## II. CONCLUSION

Accordingly, Plaintiff's request to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g) and the action is DISMISSED without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 27, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge